IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. PWG-19-0137 |
| TIMOTHY LEGARD | : | |

## MEMORANDUM AND ORDER

Timothy Legard, a Defendant in a multi-defendant drug conspiracy indictment has filed a motion seeking reconsideration of the detention order issued by me on March 12, 2020. The motion, which will be treated as a motion for reconsideration, has been fully briefed (ECF 509, 511) and no further hearing is necessary. For the reasons set forth below, the motion is DENIED.

Preliminarily, this Court adopts the reasoning of Judge Paul W. Grimm set forth in his recent ruling in *United States v. Martin*, No. CR PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020). *See also U.S. v. Bilbrough*, TDC-20-033-3, ECF 76 (Order by Magistrate Judge Timothy J. Sullivan). The first step is to undertake an individualized assessment of the factors identified by the Bail Reform Act, 18 U.S.C. Sec. 3142(g), which I did at the hearing on March 12, 2020. The Court will then turn to the changed circumstances proffered by Defendant, consisting of the present state of the COVID-19 pandemic.

Defendant is charged in two counts of the Third Superseding Indictment (ECF 447) alleging Conspiracy to Distribute Controlled Substances Resulting in Physical Injury and Death (Count One) and Distribution of a Controlled Substance Resulting in Serious Physical Injury (Count Six). I note from the start as I did on March 12, 2020, that there is a presumption for detention in the statute, 18 U.S.C. 3142(e) due to the nature of the charges. At the hearing the government proffered the role of the Defendant. Defendant traveled to Baltimore to purchase heroin/fentanyl from his co-defendants and then transported the drugs for sale in Winchester, Virginia. On November 10, 2018 Defendant purchased heroin/fentanyl from co-defendants in

Baltimore and sold the drugs to two persons in Winchester, Virginia who both overdosed and were hospitalized. At the hearing, I found that first and foremost, the Defendant had not set forth sufficient evidence to overcome the presumption for detention. Looking at the factors set forth in 18 U.S.C. 3142(g), the nature and circumstances of the offense weighed in favor of detention since this was a serious drug trafficking conspiracy. This case involved no less than 29 persons distributing heroin and fentanyl to persons who were ultimately injured, particularly in the November 10, 2018 event involving Defendant directly. The weight of the evidence was strong, Defendant was intercepted on a wiretap consistently during the 6 months of the investigation. As to his personal history and characteristics, I found that Defendant had "a persistent criminal history with poor results from supervision in the community." ECF 508. Ultimately, as a result of the analysis conducted pursuant to the statutory factors, I found by clear and convincing evidence there were no conditions that would reasonably assure the presence of the Defendant and the safety of the community. I would also note the Defendant had no ties to Maryland, but was a resident of Virginia, which factored into the risk of non-appearance.

There has been no change in circumstances since the hearing of March 12, 2020. In his motion, Defendant proffers he suffers from asthma and is at a higher risk of infection from the COVID-19 virus if he remains in custody at the Chesapeake Detention Facility (CDF). Defendant argues he should be released to a third party custodian and be supervised in the community. At the hearing, I found this was not an appropriate case for a third party custodian. There have been no change in circumstances. Even if I had considered this matter suitable for a third party custodian, Defendant's father was not an appropriate custodian since Defendant was living with him in Winchester, Virginia at the time of this offense. Under the current conditions, location monitoring by Pretrial Services is a particularly scarce resource as this Court has been informed by the Probation and Pretrial Services agency.

In response, the government explains in detail, all the precautionary measures have been implemented at CDF in light of the COVID-19 pandemic. ECF 511. Those measures are being

ramped up daily as more information becomes available through state and federal resources on how to protect persons in light of the COVID-19 event. It is also noteworthy that I am not aware of any current positive tested persons confined at CDF or having contact with CDF confined persons. Even if that situation changes, the measures taken at CDF are in compliance with state and federal guidelines regarding protective measures to ensure the health and safety of persons such as Defendant.

The Court acknowledges the concerns and risks of persons in pretrial detention and particularly Defendant who has a history of asthma. Persons all over the world have been forced to deal with the direct and rippling effects of this pandemic outbreak. Upon reconsideration of Defendant's pretrial detention order, the Defendant has presented no evidence to rebut the presumption of detention under the statute. Even considering Defendant's medical condition and the COVID-19 outbreak, there remain no conditions or combination of conditions that would reasonably assure the presence of the Defendant and the safety of the community if Defendant were released. I find that there is no evidence in light of the current COVID-19 pandemic that would support a Constitutional violation such as to override the Bail Reform Act.

Accordingly, the motion (ECF 509) is DENIED.

So Ordered this   24th   day of March, 2020.

/s/
A. David Copperthite
United States Magistrate Judge